UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

BENJAMIN AYALA,

                    Plaintiff,

   v.

NYC HUMAN RESOURCES
ADMINISTRATION *et al.*,

                    Defendants.

**MEMORANDUM & ORDER**

24-CV-2444 (HG) (LB)

**HECTOR GONZALEZ**, United States District Judge:

    Plaintiff Benjamin Ayala filed this *pro se* action on March 28, 2024, raising numerous unspecified issues. ECF No. 1 (Complaint). Plaintiff seeks to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915. ECF No. 2 (Motion for Leave to Proceed IFP). Plaintiff's request to proceed IFP is granted pursuant to 28 U.S.C. § 1915(a), but for the reasons set forth below, this action is hereby dismissed as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B).

## BACKGROUND

    Plaintiff's Complaint is difficult to decipher, and his allegations do not appear to have any connection to the Eastern District of New York. In his Complaint, Plaintiff references criminal and civil cases filed in the United States District Court for the Western District of Texas between 1999 and 2013. ECF No 1 at 3–4, 6–7.[1] Plaintiff also asserts that at some point he filed actions in Washington D.C., New Mexico, and Miami because he felt threatened by "extreme forms of punishment & overt torture." *Id*. at 4–5. He alludes to Article III of the Constitution and discusses various forms of alternative dispute resolution, including relief that he appears to believe the "United Nations Headquarters" or "a Liaison from the Hague" can provide. *Id*. at 5,

---

[1]    The Court refers to the pages assigned by the Electronic Case Filing System.

7–9. Plaintiff appears to claim that he has exhausted state and federal remedies for an unspecified harm, *see id.* at 6, and that somehow justice was obstructed by somebody, *see id.* at 9–11. Plaintiff states that he is "in constant fear of [his] life and in an emergency situation to complete the appellant process to the United Nations ICC International Criminal Court fleeting from Conspritual [sic] Preperators [sic] using their evil desires, or complex behaviors." *Id.* at 19. Plaintiff asserts that he does "not deserve to be treated with cruel and unusual punishment which has progressively turned into trying to Stop Overt Incommunicado Detention and Stop Overt Extreme Forms of Punishment coupling Unauthorized Medical Experiments into Living with Sodomnist [sic] . . . using Medical Equipment as a Probing butchering tool." *Id.* Plaintiff is seeking "an Emergency Passport to a Higher Court System," and "passport permission" to "Eur-Asia on a Norwegian Boat . . ." and he states that his "intentions are to seek another Nationality." *Id.* at 14, 20. In short, Plaintiff's allegations do not make sense.

## LEGAL STANDARD

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim is plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).[2] Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. A *pro se* complaint "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94

---

[2] Unless noted, case law quotations in this Order accept all alterations and omit internal quotation marks, citations, and footnotes.

(2007). The Court's obligation "to construe a *pro se* complaint liberally" and interpret it as raising the strongest arguments it suggests continues to apply "[e]ven after *Twombly*" established the plausibility standard for assessing pleadings. *Newsome v. Bogan*, 795 F. App'x 72, 72 (2d Cir. 2020) (quoting *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009)).

When a plaintiff seeks permission to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Moreover, under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an IFP action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

Courts must be careful when reviewing complaints submitted by plaintiffs seeking IFP status "not to conflate easy cases with inarguable or fanciful ones, as only the latter warrant dismissal" as frivolous. *Alvarez v. Garland*, 33 F.4th 626, 637 (2d Cir. 2022). The Court therefore may not dismiss a complaint filed by a plaintiff proceeding IFP, pursuant to 28 U.S.C. § 1915(e), "simply because the [C]ourt finds the plaintiff's allegations unlikely." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). The Court may, however, dismiss a complaint as frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible," and the Court need not restrict itself to facts capable of judicial notice when reaching that conclusion. *Id.*; *see also Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (An action is "frivolous" when either: (1) "the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy"; or (2) "the claim is based on an indisputably meritless legal theory.").

3

**DISCUSSION**

Plaintiff's Complaint must be dismissed as frivolous. "An action is frivolous if it lacks an arguable basis in law or fact—*i.e.*, where it is based on an indisputably meritless legal theory or presents factual contentions which are clearly baseless." *Scanlon v. Vermont*, 423 F. App'x 78, 79 (2d Cir. 2011). Even giving "the most liberal construction" to Plaintiff's Complaint, as the Court is required to do, the Court cannot discern a cognizable claim. *Capers v. Interfaith Hospital*, No. 22-cv-5471, 2023 WL 8654019, at *2 (E.D.N.Y. Dec. 13, 2023). Plaintiff's Complaint lacks any arguable basis in law or in fact and the Court cannot determine what harm, if any, Plaintiff has suffered, what relief he seeks, or against whom he seeks relief. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Walker v. Real Life Church*, No. 22-cv-4455, 2022 Wl 3358088, at *1 (E.D.N.Y. Aug. 15, 2022) (dismissing *pro se* complaint as frivolous because the Court could not discern what cognizable harm he suffered); *Albarran v. Apple*, No. 22-cv-7382, 2023 WL 8622841, at *2 (E.D.N.Y. Dec. 13, 2023) (same); *Burton v. USA*, No. 21-cv- 6238, 2022 WL 1093217, at *2 (E.D.N.Y. Apr. 12, 2022) (dismissing *pro se* plaintiff's complaint as frivolous because the allegations "r[o]se to the level of the irrational").

Generally, a court should not dismiss a *pro se* complaint "without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Dolan v. Connolly*, 794 F.3d 290, 295 (2d Cir. 2015). Plaintiff's allegations are fanciful, and a court has inherent power to dismiss without leave to amend or replead in cases "where . . . the substance of the claim pleaded is frivolous on its face," *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988), or where amendment would otherwise be futile, *see Hill v. Curcione*, 657 F. 3d 116, 123–24 (2d Cir. 2011). Here, Plaintiff's complaint is frivolous, gives no indication that a valid claim might be stated under even the most liberal

4

reading, and fails to allege any connection to the Eastern District of New York. Accordingly, the Court concludes that granting leave to amend would be futile, and Court declines to do so.

## CONCLUSION

Plaintiff's motion to proceed IFP is granted but his complaint is dismissed as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B). The Clerk of Court is respectfully directed to enter judgment, to mail a copy of the judgment and this Order to the *pro se* Plaintiff, and to close this case.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

*/s/ Hector Gonzalez*
HECTOR GONZALEZ
United States District Judge

Dated: Brooklyn, New York
April 22, 2024